UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KALVIN GILBERT,

    Plaintiff,

v.                                  Case No. **3:16-cv-378-J-25JRK**

**SHANDS HOSPITAL**, *et al*,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Dkt. 1) and Motion to Proceed In Forma Pauperis (Dkt. 2). Upon consideration of same, the Court finds as follows:

28 U.S.C. § 1915 provides in part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, § 1915(e) confers upon this Court the discretionary authority to dismiss an action, notwithstanding any filing fee, or any portion thereof, that may have been paid the court, if the Court is satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Denton v. Hernandez*, 504 U.S.

25 (1992).

Upon review of Plaintiff's Complaint herein, the Court finds that he fails to state a claim on which relief may be granted. Plaintiff asserts that on April 7, 2011 and April 9, 2011, he was erroneously "Baker acted" and that when he was transported to the hospital by a police officer on April 9, 2011, the handcuffs used by the officer were too tight and scratched his wrists leaving bruises.

Even assuming that Plaintiff's allegations would ordinarily serve grounds for suit under the theories of false imprisonment, cruel and unusual punishment, battery, invasion of privacy or intentional infliction of emotional distress, Florida's statute of limitations bars these actions after four years. Fla. Stat. Section 95.11(3). Further, Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002).

Notwithstanding that the Court must hold pro se Plaintiffs to a less stringent standard than that of lawyers, the Court finds that Plaintiff's Complaint is due to be dismissed. *Neitzke v. Williams*, 490 U.S. 325 (1989). Accordingly, it is

**ORDERED**:

Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) is **DENIED**, and Plaintiff's Complaint (Dkt. 1) is **DISMISSED** without prejudice. The clerk is

directed to close the case.

        **DONE AND ORDERED** this 5th day of April, 2016.

                          **HENRY LEE ADAMS, JR.**
                          UNITED STATES DISTRICT JUDGE

Copies to:
*Pro se* Plaintiff
Counsel of Record